The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEORGE F. KARL, III, | Case No. 17-05773 BHS |
| Plaintiff, | DEFENDANT'S MOTION TO COMPEL RESPONSES TO DISCOVERY |
| v. | Note on Motion Calendar: December 14, 2018 |
| RICHARD V. SPENCER, Secretary of the Department of Navy, | |
| Defendant. | |

COMES NOW defendant Richard V. Spencer, Secretary of the Department of Navy, by and through his attorneys, Annette L. Hayes, United States Attorney for the Western District of Washington, Priscilla T. Chan and Sarah K. Morehead, Assistant United States Attorneys for said District, and moves the Court for an order compelling plaintiff to provide complete responses to Defendant's First Set of Interrogatories and Requests for Production to Plaintiff (the "discovery requests"). Even though plaintiff's responses to the discovery requests were due nearly three months ago, plaintiff has not responded in any way. Moreover, plaintiff, who is represented by counsel, has willfully refused to meet and confer with defense counsel about the motion. Accordingly, defendant now seeks an order compelling plaintiff to provide responses within five days, or this case will be dismissed.

## I. ANALYSIS

**A. Standards on a Motion to Compel**

Under the discovery procedures set forth in the Federal Rules, parties "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). If a party fails to produce requested discovery, the requesting party may move for an order compelling disclosure. Fed. R. Civ. P. 37(a)(1).

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Brown v. Warner*, No. C09-1546RSM, 2015 U.S. Dist. LEXIS 18186, 2015 WL 630926, at *1 (W.D. Wash. Feb. 12, 2015) (quoting *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997)).

**B. Plaintiff Has Not Responded to the Discovery Requests**

In this case, plaintiff has not responded in any way to the discovery requests. Declaration of Sarah Morehead ("Morehead Decl.") at ¶ 3. Defendant served the discovery requests on plaintiff's counsel by mail on August 1, 2018. Morehead Decl. at ¶ 2, Ex. A. Adding three days for mailing and accounting for the holiday on September 3, 2018, plaintiff's responses were due on September 4, 2018. Plaintiff has never served responses or objections on defendant. Morehead Decl. at ¶ 3. Nor has he provided any explanation for his failure to respond. *Id.*

Defendant is entitled to complete responses. Fed. R. Civ. P. 26; *Surfvivor Media, Inc.*, 406 F.3d at 635. Defendant's discovery requests seek routine discovery, such as information about the bases for plaintiff's claims, past lawsuits, and his claimed damages. Morehead Decl., Ex. A; *see also Howery v. Boeing Co.*, Case No. 14-1555-RSM, 2015 U.S. Dist. LEXIS 123878,

at *4 (W.D. Wash. Sept. 16, 2015) (describing such discovery requests as "routine" and compelling responses).

Furthermore, by failing to respond at all, plaintiff has waived any objections he might have had to the discovery requests, and failed to meet his burden of demonstrating that discovery should not be had. *Brown v. Warner*, Case No. C09-1546RSM, 2015 U.S. Dist. LEXIS 18186, at *1 (W.D. Wash. Feb. 12, 2015); Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.").

Where, as here, a party has failed to respond to discovery, an order compelling discovery is warranted. *Howery v. Boeing Co.*, Case No. 14-1555-RSM, 2015 U.S. Dist. LEXIS 123878 (W.D. Wash. Sept. 16, 2015) (granting motion to compel). Plaintiff's responses are nearly three months overdue without any explanation, and defendant is not required to "wait forever" to see if plaintiff will eventually comply with his discovery obligations. *Athwal v. Nijjer*, Case No. 17-740-RSL, 2018 U.S. Dist. LEXIS 35645, at *18 (W.D. Wash. Mar. 5, 2018). Therefore, defendant is entitled to an order compelling plaintiff to respond fully.

**C.     Plaintiff Has Willfully Refused to Meet and Confer**

Under Rule 37, a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); see also LCR 37(a)(1). Defendant is also aware that the Court's web page "strongly encourages parties to make every effort to resolve discovery disputes without the Court's intervention."

Defendant does not make this motion lightly and has made every effort to avoid bringing a motion to compel. Over the past three months, defense counsel has contacted plaintiff's counsel eleven times to obtain the discovery responses without Court intervention. Morehead

Defendant's Motion to Compel (17-05773 BHS) – 3

**UNITED STATES ATTORNEY**
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Decl. at ¶ 4-8. Defense counsel called plaintiff's counsel twice, on November 13 and 21, 2018, and both times left detailed voicemail messages asking to meet and confer. *Id.* at ¶ 8. Plaintiff's counsel has not returned either telephone call. *Id.*

Defense counsel has also sent plaintiff's counsel nine e-mail messages asking about the overdue responses. Morehead Decl. at ¶ 4-7, Ex. B. On October 2, 2018, plaintiff's counsel wrote by e-mail that he hoped to send the responses to defense counsel that afternoon. Morehead Decl. at ¶ 5. Plaintiff's counsel did not send the responses, and defense counsel has not heard from plaintiff's counsel about this case since the October 2, 2018 e-mail. *Id.*

Since October 31, 2018, defense counsel has sent plaintiff's counsel four e-mail messages explicitly asking to meet and confer about the overdue discovery responses. Morehead Decl. at ¶ 7. Plaintiff's counsel has not responded to any of defense counsel's e-mail or voicemail requests to meet and confer. *Id.* at ¶ 7, 8.

Therefore, plaintiff has willfully refused to meet and confer about the motion in violation of Local Civil Rule 37(a)(1) and Federal Rule of Civil Procedure 37(a).

## D.   Defendant Is Entitled to Attorney's Fees

Defendant is entitled to recover his attorney's fees for drafting this motion to compel. Pursuant to Fed. R. Civ. P. 37(a)(5), if a motion to compel "is granted — or if the disclosure or requested discovery is provided after the motion was filed — the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." An award of fees will not be made if the movant failed to meet and confer in good faith, the nondisclosure was substantially justified, or "other circumstances make an award of expenses

unjust." *Id.*; *see also Athwal v. Nijjer*, Case No. 17-740-RSL, 2018 U.S. Dist. LEXIS 35645, at *18 (W.D. Wash. Mar. 5, 2018) (awarding attorney's fees); *Howery v. Boeing Co.*, Case No. 14-1555-RSM, 2015 U.S. Dist. LEXIS 123878, at *4 (W.D. Wash. Sept. 16, 2015) (awarding fees where plaintiff failed to respond to discovery requests). Under the Court's local rules, sanctions may also be awarded against a party who "multiplies or obstructs the proceedings in a case." Local Civil Rule 11(c).

Attorney's fees are warranted in this case because, as set forth above, plaintiff has willfully refused to meet and confer. Plaintiff's failure to respond to the discovery requests is not substantially justified. To the contrary, he has provided no explanation for his failure to respond. Morehead Decl. at ¶ 3. Plaintiff has also obstructed defendant's discovery efforts, and multiplied the proceedings by refusing to provide discovery, necessitating this motion. Therefore, defendant is entitled to its attorney's fees.

## II.  CONCLUSION

For all of the foregoing reasons, defendant requests that the Court order plaintiff to provide complete responses to the discovery requests within five days, and that if plaintiff fails to do so, the Court will dismiss the matter.

//
//
//
//
//
//
//
//

Defendant's Motion to Compel (17-05773 BHS) – 5

**UNITED STATES ATTORNEY**
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

DATED this 29th day of November, 2018.

Respectfully submitted,

ANNETTE L. HAYES
United States Attorney

s/ *Priscilla T. Chan*
PRISCILLA T. CHAN, WSBA #28533

s/ *Sarah K. Morehead*
SARAH K. MOREHEAD, WSBA #29680
Assistant United States Attorneys
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-7970
Email: Priscilla.Chan@usdoj.gov
Email: Sarah.Morehead@usdoj.gov

Attorneys for Defendant Spencer

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of the United States Attorney's Office for the Western District of Washington, and that I am of such age and discretion as to be competent to serve papers;

I further certify that on November 29, 2018, I electronically filed the foregoing document and the Declaration of Sarah Morehead with exhibits with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participant(s):

Chalmers C. Johnson:   chalmers@gsjoneslaw.com

I further certify that on November 29, 2018, I mailed by United States Postal Service the foregoing document to the following non-CM/ECF participant(s)/CM/ECF participant(s), addressed as follows:

-0-

Dated this 20th day of February, 2018.

 s/ *Julene Delo*
JULENE DELO
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-7970
Email: Julene.Delo@usdoj.gov